# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **RONALD GIORDANO, JR.,**<br><br>        **Plaintiff,**<br><br>        **v.**<br><br>**CITY OF PALM BAY, a Municipality; PALM BAY POLICE FIRE AND PENSION BOARD, a Municipal Corporation, and PALM BAY POLICE DEPARTMENT, a Municipal Corporation; PALM BAY POLICE AND FIREFIGHTERS RETIREMENT SYSTEM, a Municipal Organization,**<br><br>        **Defendants.** | **Case No. 07 C 3361**<br><br>**Hon. Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, for Improper Venue. For the following reasons, the motion is **granted**.

## I. BACKGROUND

This diversity action arises out of Defendant Palm Bay Police Fire and Pension Board's (hereinafter, the "Pension Board") denial of Plaintiff Ronald Giordano's (hereinafter, "Giordano") claim for long-term work-related disability benefits under Defendant Palm Bay Police Department's (the "PBPD") pension plan.

The following summary derives from the Complaint's allegations and resolves all inferences in Plaintiff's favor.

Plaintiff was a police officer with the PBPD and was injured in the line of duty. The injury resulted in permanent disability. Following his disability, the City of Palm Bay ("the City") and the PBPD granted Plaintiff short-term disability/medical leave. Plaintiff also applied for workers compensation, but the City initially denied the claim based on a finding that his injury was not work-related. Plaintiff subsequently moved to Illinois to be cared for by his family. Shortly thereafter, Plaintiff's short-term leave expired, he was medically separated from his position with the PBPD, and the City approved him for long-term disability. The letter informing Plaintiff of his long-term disability status recommended that he contact a representative of the Pension Board regarding "non-job related disability retirement benefits."

Eventually, the Pension Board informed Plaintiff by letter that he was ineligible for non-work-related disability retirement benefits. The letter made no mention of work-related disability retirement benefits and gave him three options for how his pension contributions would be returned to him. Based on this correspondence, Plaintiff elected to have his contributions rolled over into an IRA account located in Illinois, which the Pension Board then did.

The City later reversed its previous denial of workers compensation based on medical evidence that Plaintiff's injury was, in fact, work-related. The Pension Board, however, never

subsequently advised Plaintiff regarding his eligibility for work-related disability retirement benefits.  Instead, when Plaintiff inquired with the Pension Board regarding this issue, he was told that his election to rollover his pension contributions into the IRA account waived any claim on such benefits.

## II.  DISCUSSION

Plaintiff has brought nine separate claims against Defendants under a variety of causes of action, including breach of fiduciary duty, fraud, negligent misrepresentation, estoppel, and violations of certain Florida statutes and city ordinances.  Defendants argue that the Complaint should be dismissed because they do not have sufficient contacts with this district for this Court to have personal jurisdiction over them, or because this district is not the proper venue.  The Court concludes that the Complaint must be dismissed because, even assuming *arguendo* that personal jurisdiction exists, this district is not the proper venue.

Under the circumstances present in this case, venue is only proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated. . . ."  28 U.S.C. § 1391(a).  Plaintiff holds the burden of establishing that venue is proper.  *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969). Plaintiff contends that he has established proper venue in the

Northern District of Illinois because his Complaint centers around alleged tortious conduct occurring in Illinois, namely that the Pension Board (a) made false and/or reckless representations to him in this district regarding his eligibility for long-term disability retirement benefits and (b) wrongly transferred his pension contributions to his IRA account in this district.

Plaintiff fails to meet his venue burden because these allegations do not represent a "substantial part" of the events underlying the suit. Plaintiff held an employment relationship with Defendants, who are each Florida state governmental entities, during his tenure as a police officer in Florida. The pension plan at issue is in Florida, and Plaintiff's alleged entitlement to benefits arose entirely in that state. The injury giving rise to Plaintiff's disability occurred in Florida, and the Defendants made all relevant determinations regarding Plaintiff's benefit entitlement status in Florida. Additionally, many of Plaintiff's allegations involve inaction by Defendants, which necessarily could only "take place" where the Defendants are located.

Plaintiff's attempt to frame these issues as peripheral to his misrepresentation-based claims is unpersuasive. First, the Pension Board's alleged misrepresentations (both the fact that they were made and whether they were misrepresentations) depend on the underlying events and eligibility determinations, which occurred in Florida and not in Illinois. Second, not even the Defendants'

alleged misrepresentations took place in Illinois in any meaningful sense. The Complaint carefully alleges that Plaintiff **received** Defendants' letters in Illinois, but the copies of the letters attached to the Complaint indicate that Defendants **sent** them to Plaintiff's Florida address. Therefore, what the Complaint alleges, given that documents attached to the complaint become part of the complaint, *Morton Grove Pharmaceuticals, Inc. v. National Pediculosis Ass'n, Inc.*, 494 F.Supp.2d 934, 937 (N.D. Ill. 2007), is that the Pension Board made misrepresentations in Florida directed to an address in Florida. Even if the mail service ultimately forwarded the letters to Plaintiff in Illinois, the letters provide a flimsy basis for venue.

Venue is not proper in this district for one additional reason. At least when the plaintiff asserts venue on a basis other than the defendants' residence, the plaintiff generally must establish proper venue as to each separate cause of action. *Beattie v. U.S.*, 756 F.2d 91, 100 (D.C.Cir. 1984), *overruled on other grounds by Smith v. U.S.*, 507 U.S. 197 (1993); *see also* 14D C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3808 (3d ed. 2007). Of Plaintiff's nine causes of action, only four even purport to involve the Pension Board's communications with Plaintiff in Illinois. As to the remaining five, which involve only conduct or inaction in Florida, there is no basis for venue in this district. Nor does the discretionary

doctrine of "pendent venue," which in some circumstances creates an exception to the separate-causes-of-action rule, see *Beattie*, 756 F.2d at 104, help Plaintiff here. Pendent venue depends on policy considerations such as judicial economy, convenience, and fairness, *id.*, all of which weigh against venue in this district. All of the defendants and virtually all potential witnesses, except Plaintiff, are in Florida. Perhaps, more importantly, all of Plaintiff's claims involve Florida law, including statutes, municipal ordinances, and the Florida constitution – all of which the federal courts in Florida would be better suited to rule on than this Court.

### III. CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss under Federal Rule of Procedure 12(b)(3).

**IT IS SO ORDERED.**

---

Harry D. Leinenweber, Judge
United States District Court

**DATE:** December 12, 2007